IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD R. HIGGINS dba
THE COUNCIL FOR EDUCATION,

     Plaintiff,                                      No. CIV S-09-1503 FCD EFB PS

     vs.

CALIFORNIA ATTORNEY GENERAL,
et al.,

     Defendants.                               <u>ORDER</u>

/

On July 13, 2009, plaintiff once again has submitted what purports to be a sealed document without complying with the procedures established in the Local Rules for the sealing of documents. The July 13 document is titled "Sealed *Ex Parte* Writ for a California Attorney General Judicial Review & Equitable Indemnity," which seeks review of an August 2008 decision by the California Attorney General denying plaintiff's request to view documents within the state archives of former California Governor Pete Wilson.[1]

---

[1] Plaintiff's "writ" seeks an order of this court directing: (1) the Secretary of State to permit plaintiff to review former University of California Regent "Ward Connerly's transcripts, documents, charts, and statistical data records;" (2) the Secretary of the Regents of the University of California to allow inspection of "transcripts, documents, charts, and statistical data, records, etc. of any and all open door and closed door meeting of the Regents . . .;" and (3) the State Controller to reimburse plaintiff nearly $180,000 for costs.

1

1  For the reasons previously explained to plaintiff, Dckt. No. 5, he must comply with Local Rule 39-141 which authorizes the sealing of documents *only* upon motion and a written order of the court. As with earlier filings, he has not complied with that rule with this most recent filing. Moreover, the subject "writ" addresses the same or similar matters set forth in plaintiff's original and amended complaints, and thus plaintiff fails to demonstrate good cause for withholding this information from public scrutiny.

The court previously cautioned plaintiff of his obligation to adhere to the Local Rules and the Federal Rules of Civil Procedure, as well as the orders of this court. Plaintiff is further directed that he shall not submit or file any more documents in this case, either directly or purportedly under seal, until *after*: (1) plaintiff has demonstrated service of process upon defendants, *and* (2) defendants have filed a responsive pleading or motion. Failure of plaintiff to adhere to this ruling, or the court's previous ruling, shall result in the imposition of monetary or other sanctions, including the possibility of dismissal.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* writ for review and equitable indemnity, submitted July 13, 2009, is denied;

2. The Clerk of Court shall unseal and file the writ; and

3. Plaintiff shall not submit or file any more documents in this case, either directly or under seal, until *after* he has demonstrated service of process upon defendants, *and* defendants have filed a responsive pleading or motion.

SO ORDERED.

DATED: August 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE