IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE COUNCIL FOR EDUCATION,
a California nonprofit corporation, and
HAROLD HUGGINS,

        Plaintiffs,

    vs.

U.S. DEPARTMENT OF EDUCATION,
INTERNAL REVENUE SERVICES,

        Defendants.

No. CIV S-09-1503 FCD EFB PS

ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Plaintiffs initiated this action by filing a complaint and paying the filing fee on June 1, 2009.[1] Dckt. No. 1. On that same date, the court issued its initial scheduling order. Dckt. No. 3. That order set a scheduling conference for September 30, 2009 and directed the parties to file status reports no later than fourteen days prior to the conference, i.e. by September 16, 2009. The order cautioned the parties that failure to obey the Federal Rules, Local Rules, or orders of the court could result in sanctions, including

---

[1] Plaintiffs filed a Proposed First Amended Complaint on July 28, 2009, which lists only the U.S. Department of Education and the Internal Revenue Services as defendants in the caption, but makes reference to other defendants named in the original complaint. Dckt. No. 8.

a recommendation that the case be dismissed.  The court file reveals that plaintiffs have not filed a status report, as required by the June 1, 2009 order.[2]

Plaintiffs are again cautioned that failure to comply with orders of this court or with the court's Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 11-110. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.

In light of plaintiffs' apparent failure to file a status report in compliance with the court's order, the scheduling conference currently scheduled for September 30, 2009 will be continued, and plaintiffs will be ordered to show cause why sanctions should not be imposed on them for violation of that order.

Additionally, plaintiffs' Proposed First Amended Complaint states that plaintiff Council for Education is "a nonprofit California corporation with a pending 501c(3) tax exempt application." Dckt. No. 8 at 1.  Local Rule 83-183(a) provides that "[a] corporation or other entity may appear only by an attorney."  Therefore, plaintiffs will also be ordered to show cause why plaintiff Council for Education should not be dismissed from this action for failure to comply with the Local Rules.

////

---

[2] Defendants U.S. Department of Education, U.S. Attorney General, and the U.S. Department of Treasury for the Internal Revenue Service were served on August 19, 2009, and the U.S. Attorney was served on August 21, 2009.  Dckt. Nos. 13-20.  None of the defendants have appeared in this action; however, their 60-day time period to respond to the complaint has not yet expired.  Fed. R. Civ. P. (a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. The Status Conference currently set for September 30, 2009, is continued to December 2, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiffs shall show cause, in writing, on or before November 18, 2009, why sanctions should not be imposed upon them for failure to file a status report in compliance with the court's June 1, 2009 order, and why plaintiff Council for Education should not be dismissed from this action for failure to comply with Local Rule 83-183(a).

3. Also by November 18, 2009, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's June 1, 2009 order.

4. The Clerk of Court is directed to send plaintiffs a copy of this court's order filed June 1, 2009, Dckt. No. 3.

5. Failure of plaintiffs to comply with this order shall result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: September 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3