IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE COUNCIL FOR EDUCATION,
a California nonprofit corporation, and
HAROLD HUGGINS,

     Plaintiffs,                         No. CIV S-09-1503 FCD EFB PS

    vs.

U.S. DEPARTMENT OF EDUCATION,
et al.,

     Defendants.                        <u>ORDER</u>
_____/

        This case is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On June 1, 2009, plaintiff, Council for Education, initiated this action against the U.S. Department of Education, the Internal Revenue Service, the California Attorney General, the California Fair Political Practices Commission, and Connerly and Associates, by filing a complaint and paying the filing fee. Dckt. No. 1.  That same date, this court issued an order setting a scheduling conference for September 30, 2009. Dckt. No. 3.

        On July 28, 2009, plaintiffs Council for Education and Harold Huggins filed a "Proposed First Amended Complaint," which lists only the U.S. Department of Education and the Internal Revenue Services [sic] as defendants in the caption, but makes reference to the state defendants

that were named in the original complaint.[1]  Dckt. No. 8.

On September 23, 2009, because plaintiffs had not filed a status report, as required by the June 1, 2009 order, this court ordered plaintiffs to show cause why sanctions should not be imposed for their failure, and continued the status conference to December 2, 2009.  The order also required plaintiffs to show cause why the Council for Education, which plaintiffs' Proposed First Amended Complaint states is a nonprofit California corporation, should not be dismissed from this action for appearing without an attorney, in violation of Local Rule 83-183(a).  Dckt. No. 21.

On October 19, 2009, defendants Department of Education and the Internal Revenue Service ("defendants") filed a motion to dismiss plaintiffs' complaint, and noticed the matter for hearing on December 2, 2009.[2]  Dckt. No. 25.  On November 4, 2009, plaintiffs filed a motion to amend the complaint, a request for service of a notice of claim of unconstitutionality, and a motion for sanctions, and noticed the matters for hearing on December 2, 2009.  Dckt. Nos. 29, 30.  On November 13, 2009, defendants filed a motion to strike plaintiffs' motion for sanctions, and a motion for a judgment of vexatiousness; again, both matters were noticed for hearing on December 2, 2009.  Dckt. Nos. 35, 36.

On November 18, 2009, plaintiffs filed a response to the September 23, 2009 order to show cause and a motion for a continuance of the matters set for hearing on December 2, 2009.

---

[1] The effect of the "proposed" amended complaint is unclear.  Plaintiffs did not need leave to file an amended complaint at the time the proposed amended complaint was filed; therefore, an amended complaint would have been effective upon filing.  However, plaintiffs state that the "proposed" first amended complaint was just a draft and was not intended to be an *actual* amended complaint. Dckt. No. 44 at 2.  Plaintiffs also state, however, that they "removed those defendants," which would give effect to the "proposed" amended complaint.  *Id.*  In light of the continuance granted herein to enable plaintiffs to obtain counsel, as well as plaintiffs' motion to amend the complaint, Dckt. No. 29, these issues will not be resolved in this order.  However, the court notes that if the amended complaint is not effective, the only plaintiff is the Council for Education, which as discussed herein, cannot represent itself in this action *pro se*.  Additionally, if the amended complaint is not effective, the defendants named in the original complaint who have not yet been served must be served (or may be dismissed), as provided in Federal Rule of Civil Procedure 4(m).

[2] Defendants filed an amended motion to dismiss on November 5, 2009.  Dckt. No. 27.

Dckt. Nos. 44, 45. Plaintiffs move for a continuance "until appointment of counsel on or about thereafter February 10, 2010. See Plaintiffs' Response to the Order to Show Cause for details." Dckt. No. 45 at 3. Plaintiffs' response to the order to show cause states that on October 29, 2009, a United States Bankruptcy Judge in the Southern District of New York granted a motion "extending the termination date of the Genuity Liquidating Trust to February 10, 2010," and therefore "delayed the disbursement of all available bank assets used to pay attorney fees." Dckt. No. 44 at 3. According to plaintiffs, "the Council for Education is represented by three law firms in this case [but those] firms will not appear in this court until all attorney fees are paid in full or ordered to do so by this court." *Id.* at 3-4.

On November 24, 2009, defendants filed an opposition to plaintiffs' request for a continuance, arguing that the motion is untimely, open-ended, insufficient, and is intended solely to delay resolution of this action "until completion of the Academic Senate process," so that plaintiffs can bring the state defendants back into the action. Dckt. No. 46. Defendants also argue that "[d]espite the passage of months and some 45 filings since this action's inception, Plaintiffs have never showed any attempt to find new counsel willing to represent them. The asserted fact that three law firms . . . represented Plaintiffs in some context, but refuse to appear in this suit, suggests what is apparent from the dismissal motion: that the law controlling this action is against them." *Id.* at 2. According to defendants, "[t]he practical result of a continuance will be an open-ended series of what the Court has seen already: filings by Plaintiffs that are frivolous factually, legally or both, but from which Plaintiffs distance themselves when challenged." *Id.*

Defendants are correct that plaintiffs' request for a continuance is untimely under Local Rule 78-230(e) and is imprecise regarding the length of time plaintiffs need to obtain counsel. Defendants are also correct that plaintiffs' attempts to obtain counsel may ultimately be unsuccessful. Nonetheless, because this court ordered plaintiffs to show cause why the Council of Education should not be dismissed for lack of counsel, plaintiffs' representations that the

1 Council for Education is represented by three law firms and will use assets disbursed from the
2 Genuity Liquidating Trust to pay its attorney fees once the trust is terminated in February 2010
3 suggest that plaintiffs' motion for a continuance should be granted.  Dckt. No. 45.  If plaintiffs
4 are able to obtain counsel, they shall notify the court as soon as possible.  Absent extraordinary
5 circumstances, plaintiffs shall not file any additional motions until the currently pending motions
6 are resolved.

   Accordingly, it is hereby ORDERED that:

   1. Plaintiffs' motion for a continuance, Dckt. No. 45, is granted.

   2. All motions currently scheduled for hearing on December 2, 2009, Dckt. Nos. 27, 29, 30, 35, and 36, are continued to February 24, 2010 at 10:00 a.m. in Courtroom No. 25.  Any outstanding briefs related to those motions shall be filed in accordance with Local Rule 78-230, based on the new hearing date.  The court will look with disfavor on any requests to continue this hearing date.

   3. The status (pretrial scheduling) conference is continued to March 24, 2010 at 10:00 a.m.  On or before March 10, 2010, the parties shall file updated status reports, as outlined in this court's June 1, 2009 order.

   4. Absent extraordinary circumstances, plaintiffs shall not file any additional motions until the currently pending motions are resolved.

   5. Defendant Internal Revenue Service's motion to appear telephonically at the December 2, 2009 hearing, Dckt. No. 42, is denied as moot.

   SO ORDERED.

DATED: November 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4